IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DOUGLAS EDWARD WILSON                                                    PETITIONER
ADC #094738

V.                               NO. 5:03CV00452 JWC

LARRY NORRIS, Director,                                                  RESPONDENT
Arkansas Department of Correction

## MEMORANDUM OPINION AND ORDER

Douglas Edward Wilson, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a supporting brief (docket entries #2, #3). Respondent concedes (docket entry #9) that Petitioner is in his custody and has exhausted all nonfutile state remedies as to the convictions at issue. See 28 U.S.C. § 2254(a) & (b). Because Petitioner's claims are procedurally barred, the petition must be dismissed.

### Background

Following a jury trial in February 2002 in the Circuit Court of Pulaski County, Arkansas, Petitioner was convicted of first degree sexual abuse, second degree domestic battery, and third degree domestic battery. He was sentenced as an habitual offender to forty years of imprisonment. (Pet'r App. E.)[1] In a direct appeal to the Arkansas Court of Appeals, Petitioner raised one claim: that the trial court erred in denying his directed-verdict motion on the second-degree battery charge. (Pet'r App. D.) His convictions were

---

[1] Petitioner attached several documents to his petition (docket entry #2), which he referred to as appendices (Pet'r App. A-I). His other exhibits are attached to docket entry #13 (Pet'r Ex. A-G). Respondent's exhibits are attached to docket entries #9 (Resp't Ex. A) and #15 (Resp't Ex. B-G).

affirmed. Wilson v. State, No. CACR 02-942, 2003 WL 21277391 (Ark. Ct. App. Jun. 4, 2003) (Pet'r App. C).

Petitioner then filed a timely petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, alleging that: (1) he was denied the effective assistance of trial and appellate counsel; (2) he was denied a fair and impartial trial; (3) he was denied a speedy trial); (4) he was denied due process of law; (5) he was denied the right to a sufficient direct appeal; and (5) the prosecutor engaged in misconduct. (Resp't Ex. B.) His petition was denied on the merits. State v. Wilson, No. CR 2000-2583 (Pulaski Co. Cir. Ct. July 28, 2003) (Resp't Ex. A). On October 10, 2003, Petitioner filed a notice of appeal of the Rule 37 denial. (Resp't Ex. C.) On January 6, 2004, the Arkansas Supreme Court notified Petitioner that it was declining to lodge the lower court record on appeal because the notice of appeal was untimely. (Resp't Ex. D.)

Petitioner also filed a motion to modify his sentence so that the imposed terms would run concurrently, rather than consecutively. (Resp't Ex. E.) This motion was denied, and Petitioner did not appeal. Wilson v. State, CR 2000-2583 (Pulaski Co. Cir. Ct. Sept. 24, 2003) (Resp't Ex. F, G.)

Petitioner then filed this federal habeas petition, advancing the following claims:

    1. He was denied the effective assistance of counsel at trial and on direct appeal, in violation of the Sixth Amendment to the United States Constitution;

    2. The trial court erred in denying his motion to dismiss appointed counsel due to a total breakdown of communication, in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution; and

    3. He was denied a copy of the trial transcript in his state post-conviction proceedings, which violated his statutory rights and his rights under the Sixth Amendment to the United States Constitution.

Analysis

Respondent asserts that all of Petitioner's claims are procedurally defaulted because Petitioner failed to first properly present them to the state courts. Petitioner replied to this argument (docket entries #13, #14).

The state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). A federal habeas petitioner is thus required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim. 28 U.S.C. § 2254(b) & (c). He must fairly present "the same factual grounds and legal theories" of his federal claims to the highest state court. Wemark v. Iowa, 322 F.3d 1018, 1021 (8th Cir.), cert. denied, 540 U.S. 870 (2003); Miller v. Lock, 108 F.3d 868, 871 (8th Cir. 1997). He must present his claims to the state courts in a timely and procedurally correct manner so that the courts will be able to review the merits of the claims. Kennedy v. Delo, 959 F.2d 112, 115 (8th Cir. 1992). Failure to do so will result in a procedural default. Id. Failure to properly appeal the denial of a post-conviction petition to the highest state court constitutes a procedural default. Osborne v. Purkett, No. 04-1714, 2005 WL 1404180 (8th Cir. Jun. 16, 2005); O'Rourke v. Endell, 153 F.3d 560, 566 (8th Cir. 1998).

Here, Petitioner presented the essence of all of his claims in a timely Rule 37 post-conviction petition, which the state trial court addressed on the merits and denied on July 28, 2003. (Resp't Ex. A.) Under Arkansas law, a notice of appeal must be filed with the lower court within thirty days of the date of entry of an order denying a Rule 37 petition. Ark. R. App. P.-Crim. 2(a)(4) (2005). Petitioner did not file his notice of appeal until

October 10, 2003, well outside the thirty-day period for filing. (Resp't Ex. C.) The Arkansas Supreme Court refused to lodge the record on appeal because Petitioner's notice of appeal was untimely. (Resp't Ex. D.) By failing to seek a timely appeal, Petitioner did not provide the Arkansas appellate courts the opportunity to consider the merits of his current federal constitutional claims, thereby defaulting them.

Petitioner says he made several attempts to present his claims to both the Arkansas Court of Appeals and the Arkansas Supreme Court, to no avail. The exhibits to which he refers, (Pet'r Ex. A-E), are copies of letters from the Arkansas Supreme Court, returning notices of appeal that he had submitted and telling him that they needed to be filed in the trial court. Even if the notices could be construed as legitimate attempts to present his claims to the appellate courts, the dates demonstrate that they were all submitted outside the thirty-day appeal period and were, therefore, untimely. He also says he tried to file a state petition for writ of habeas corpus with the Arkansas Supreme Court, referring to a transmittal letter dated November 25, 2003, (Pet'r Ex. F.) The letter, however, states that he was enclosing a 28 U.S.C. § 2254 habeas petition (which is the statute for a *federal* habeas petition), and gives the address for this Court, rather than any state court. The letter's date is consistent with the date he filed this federal habeas petition. (See docket entry #2, p.7, showing a signature date of November 24, 2003.) In short, nothing in the record indicates that Petitioner filed a timely notice of appeal with the trial court in accordance with the established state procedural rules.

Where a procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default **and** actual prejudice as a result of the alleged violation of federal law, **or** (2) that failure to consider the claims will result in

a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Murray v. Carrier, 477 U.S. 478, 496 (1986).

Cause requires a showing of some impediment, external to the defense, preventing a petitioner from presenting or developing the factual or legal basis of a claim. Murray, 477 U.S. at 488-89, 492. Cause must be something "that cannot fairly be attributed to [the petitioner]." Coleman, 501 U.S. at 753. A petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently *external* to constitute cause excusing a procedural default. Sherron v. Norris, 69 F.3d 285, 289 (8th Cir. 1995); Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992); McKinnon v. Lockhart, 921 F.2d 830, 832 n.5 (8th Cir. 1991); Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

Petitioner's pleadings could be liberally construed as attributing his default to the Rule 37 post-conviction court's refusal to provide him with a free copy of his trial transcript. Most importantly, the Court fails to see how a trial transcript could have assisted him in any way in filing a timely notice of appeal of the Rule 37 denial. All he needed to know was the date of the Rule 37 denial, along with the applicable procedural rules. He would not have been permitted to raise on appeal any issues which were not covered in the initial Rule 37 proceedings. See Snelgrove v. State, 728 S.W.2d 497, 499 (Ark. 1987).

Second, he was represented by counsel in his direct appeal, who obviously had a copy of the transcript as he prepared a detailed abstract of the trial testimony and proceedings. Petitioner submitted the abstract as an exhibit here, (Pet'r App. D), and he

does not contend that he did not have this abstract available to him at the time of his Rule 37 proceedings.

Finally, he had no constitutional right to a free copy of the trial transcript in his Rule 37 post-conviction proceedings. While it is well-settled that "the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective *defense or appeal*," Britt v. North Carolina, 404 U.S. 226, 227 (1971) (emphasis added), the same entitlement has not been extended to an indigent state defendant seeking a free transcript in order to prepare a state collateral attack. See Wade v. Wilson, 396 U.S. 282, 286 (1970) (declining to decide whether the "Constitution requires that a State furnish an indigent state prisoner free of cost a trial transcript to aid him to prepare a petition for collateral relief"). Even assuming Britt would apply to Petitioner's situation, the denial of a transcript does not demonstrate cause sufficient to excuse a procedural default where the factual basis for a defendant's claim was reasonably available through sources other than the actual transcript, such as the abstract here. See Forest v. Delo, 52 F.3d 716, 720-21 (8th Cir. 1995).

Because Petitioner has failed to demonstrate cause for his procedural default, the prejudice element need not be addressed. McCleskey v. Zant, 499 U.S. 467, 502 (1991). Moreover, Petitioner makes no attempt to fit within the "fundamental miscarriage of justice" or "actual innocence" exception to the cause-prejudice requirement, nor does the narrow exception appear applicable. See Schlup v. Delo, 513 U.S. 298, 324-31 (1995) (exception requires habeas petitioner to support his allegations of constitutional error with new reliable evidence not presented at trial, and to show, in light of the new evidence, "that it is more

likely than not that 'no reasonable juror' would have convicted him"). Petitioner makes no assertion of innocence, nor does he present any evidence to that effect.

Petitioner's claims are procedurally defaulted, he has failed to demonstrate cause and prejudice or actual innocence, and his claims are thus barred from federal habeas review.

## Conclusion

Petitioner's claims are procedurally barred. Therefore, this 28 U.S.C. § 2254 petition for writ of habeas corpus is dismissed in its entirety, with prejudice.

IT IS SO ORDERED this 18th day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE